## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

FORREST WILLIAM HAMM,                         :

      Petitioner,                                :

                           :          CASE NOS.: 5:03-CR-47 (LJA)

v.                                            :                     5:13-CV-90168 (LJA)

                           :

UNITED STATES OF AMERICA,                     :

      Respondent.                               :

_____:

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 53) on Petitioner Forrest William Hamm's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 35) and the Government's Motion to Dismiss (Doc. 46). In the R&R, the Magistrate Judge recommends that the Court grant the Government's Motion (Doc. 46) and dismiss the Petitioner's Motion (Doc. 35) as untimely. (Doc. 53.) Petitioner has timely filed his objection to the R&R, and this Court has performed a *de novo* review of those portions of the R&R to which Petitioner objects.

### I.   Background

Petitioner was indicted on June 4, 2003, and charged with one count of possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner subsequently entered a plea of guilty after the Government filed an Information pursuant to 21 U.S.C. § 851, alleging that Petitioner satisfied the requirements for the imposition of a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b).

On February 5, 2004, the Court found that Petitioner qualified as a "Career Offender" under U.S.S.G. § 4B1.1 and sentenced him to 262 months of imprisonment followed by five years of supervised release. Judgment was entered on February 10, 2004. Following his sentencing, Petitioner conferred with his attorney about appealing his

sentence. Petitioner was advised that he lacked sufficient grounds to appeal and that the "only way to remove the 4B1.1 enhancement was to have one of the prior convictions vacated." (Doc. 35 at 32.) Counsel for Petitioner also encouraged Petitioner to seek a Rule 35(b) reduction by providing third-party cooperation to authorities. (*Id.*) Petitioner subsequently contacted his cousin "who provided 3rd party cooperation to authorities . . . on his behalf." (*Id.*) Although Petitioner's cooperation allegedly resulted in six (6) convictions "for various drug and violent crimes," Petitioner's Rule 35(b) was ultimately denied on April 11, 2011. (*Id.*) Petitioner did not file his § 2255 Motion until April 25, 2013. (Doc. 35.)

In his Motion, Petitioner asserts that he is entitled to habeas relief because: (1) the Government breached the plea agreement by failing to a file a Rule 35(b) motion; (2) he was improperly sentenced as a "Career Offender" under U.S.S.G. § 4B1.1; and (3) he received ineffective assistance of counsel with respect to his ability to appeal his status as a Career Offender. The Magistrate Judge found that all of Petitioner's grounds for relief are time-barred under 28 U.S.C. § 2255(f)'s one-year period of limitation. The Magistrate Judge further found that Petitioner failed to meet his burden of demonstrating his entitlement to equitable tolling. Lastly, the Magistrate Judge found that Petitioner failed to make a substantial showing of the denial of a constitutional right. In light of these findings, the Magistrate Judge recommended that the Court dismiss Petitioner's Motion (Doc. 35) and deny a certificate of appealability ("COA"). Petitioner filed his Objection, contending that the Magistrate Judge erred in concluding that his § 2255 Motion is time-barred. Petitioner also contends he should be granted a COA.

## II.    Discussion

### A.    Timeliness of Petitioner's Claims

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.  the date on which the judgment of conviction becomes final;
2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his Objection, Petitioner does not dispute that his claims are untimely under § 2255(f). Instead, relying on *Hunt v. United States*, No. 1:00-CR-10, 2008 WL 2132327 (M.D. Ga. May 21, 2008), Petitioner contends that his case should be allowed to proceed under an exception to § 2255(f)'s one-year period of limitation. In *Hunt*, the court adopted the magistrate judge's recommendation to grant petitioner's § 2255 motion to vacate, despite the fact that petitioner filed his motion more than two years after the limitations period had expired. Observing that "this Circuit follows the rule that an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal," the magistrate judge found that "[p]etitioner Hunt's § 2255 Motion would be barred by the AEDPA statute of limitations contained in 28 U.S.C. § 2255 except for the fact that he has pled that he asked his attorney on the day that he was sentenced to file an appeal of his sentence and that his attorney told him that he would file an appeal." 2008 WL 2132327, at *1 (citing *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir.1995)) (internal quotations omitted). Because the evidence showed that the petitioner had expressed to his counsel a desire to appeal his sentence but that his counsel did not even contact him after sentencing, the magistrate judge concluded that petitioner's counsel "failed in his constitutional duty to consult with his client about an appeal." *Id.* at *4.

Similarly, in *Quinones v. United States*, No. 08-80139-CIV, 2009 WL 2970427, at *1 (S.D. Fla. Sept. 15, 2009), on which Petitioner also relies, the court granted petitioner's § 2255 motion to vacate, finding that "counsel's failure to file a direct appeal after being requested to do so by his client—even though counsel was unaware of the request—resulted in a per se constitutional violation of the Petitioner's Sixth Amendment right to counsel, which entitles the Petitioner to an appellate proceeding." Although petitioner filed his motion after the expiration of the limitations period, the court found that "the statute of limitation was effectively tolled . . . until October, 2007" when petitioner learned that his

counsel had not filed an appeal. *Id.* Thus, because petitioner filed his motion in February 2008 – within one year of October 2007 – the court held that petitioner's motion was timely. *Id.*

Here, Petitioner asserts that he "asked about appealing his sentence", but that his attorney advised him to pursue other avenues of relief and never filed an appeal. (Doc. 35 at 32.) Unlike in *Hunt*, however, Petitioner and his counsel discussed the merits of an appeal. Rather than pursuing an appeal, Petitioner adhered to the advice of his counsel to pursue other avenues of relief. There is no evidence to suggest that Petitioner's counsel ever represented that he would file an appeal and then failed to do so. Moreover, unlike in *Quinones*, Petitioner was aware that no appeal had been filed long before filing the instant Motion.

In fact, in addition to consulting with his attorney regarding an appeal, Petitioner also sought advice from the National Legal Professional Associates ("NLPA") in April 2004. The NLPA specifically advised Petitioner that no appeal had been filed in his case and that he could potentially seek relief under § 2255 if he could prove that he requested his attorney to file an appeal, but his attorney refused to do so. (Doc. 35 at 127.) The NLPA further advised Petitioner that he had until February 9, 2005 to file a § 2255 motion. (*Id.*) However, rather than filing a § 2255 motion, Petitioner again decided to pursue other forms of relief. It was only after those attempts failed that Petitioner filed his § 2255 motion. And, even then, Petitioner filed the motion more than two years after learning his Rule 35(b) had been denied. In light of the forgoing, the Magistrate Judge correctly concluded that Petitioner's § 2255 motion is time-barred.

To the extent Petitioner contends that he should have been afforded an evidentiary hearing, such claim also fails. The Eleventh Circuit has held that a district court must conduct an evidentiary hearing when a party claims that his counsel rendered ineffective assistance of counsel by failing to pursue a direct appeal, as requested. *See Gomez–Diaz v. United States*, 433 F.3d 788 (11th Cir.2005) (finding an evidentiary necessary to determine whether the defendant's statement of his desire to appeal was sufficient to trigger his attorney's per se duty to appeal); *see also Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir.

4

2002) ("[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.") (internal quotations omitted).   Likewise, § 2255(b) requires a district court to grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

Here, as discussed above, Plaintiff knew as early as April 2004 that no appeal had been filed in his case.   However, instead of filing a § 2255 motion claiming ineffective assistance of counsel, Petitioner chose to pursue other avenues of relief.   Petitioner knew that the time in which to file a § 2255 motion expired on February 10, 2005, one year from the date his conviction became final.  Yet, Petitioner did not file his motion until April 25, 2013, more than eight (8) years later.   Under these circumstances, Petitioner's motion is time-barred and thus no evidentiary hearing is necessary because the record conclusively establishes that "the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

### B.   Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. § 2255(d). Rather, a district court must first issue a COA.  *Id.*  A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.,* 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller–El v. Cockrell,* 537 U.S. 322, 337, 342 (2003)).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n. 3 (internal quotations omitted) (quoting *Slack*, 529 U.S. at 484). Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir.2000) (applying *Slack* standard in § 2255 case).

In this case, the Court finds that no reasonable jurist could conclude that Petitioner has met his burden of establishing that his § 2255 Motion was timely. Accordingly, the Magistrate Judge correctly concluded that a certificate of appealability should be denied.

## III.   Conclusion

Upon full review and consideration of the record, the Court finds that the R&R (Doc. 53) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Objection (Doc. 57) is **OVERRULED** and his claims are **DISMISSED**.

**SO ORDERED**, this 22nd day of May, 2015.

_____/s/ Leslie J. Abrams_____
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**